**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
**RACHEL A. RICHTER,**                          )
                                                )
                    **Plaintiff,**              )
                                                )
            **v.**                              )        **Civil Action No. 14-298 (EGS)**
                                                )
**DANIEL M. TANGHERLINI, Administrator,**       )
**U.S. General Services Administration**        )
                                                )
                    **Defendant.**              )
_____)

## ANSWER

The Administrator of the United States General Services Administration, by and through counsel, the United States Attorney for the District of Columbia, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, respectfully interposes affirmative defenses in response to the Complaint and otherwise answers the Complaint as follows:

## AFFIRMATIVE DEFENSES

**FIRST**.  Plaintiff failed to state a claim upon which relief may be granted.

**SECOND.**  If Plaintiff proves that she suffered an adverse action motivated in part by an impermissible factor, Defendant would have taken the same action in the absence of the impermissible motivating factor.  Defendant had legitimate non-discriminatory business reasons and justifications for all actions concerning the Plaintiff.

**THIRD.**  Plaintiff has failed to mitigate her damages.

**FOURTH.**  Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.  Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

## RESPONSE TO THE COMPLAINT

To the extent that a response is deemed necessary, Defendant denies the allegations of the Complaint, unless expressly admitted.   Defendant further responds individually to the corresponding numbered paragraphs of the Complaint as follows:

## PARTIES

1.      Admitted.

2.      This is Plaintiff's description of the named defendant in this matter, requiring no response.  To the extent that a response is deemed required, Defendant admits.

## JURISDICTION

3-4.    These paragraphs contain legal conclusions regarding jurisdiction, not statements of fact requiring a response.  To the extent that responses are deemed required, Defendant does not contest subject matter jurisdiction or jurisdiction over the Defendant.

5.      This paragraph contains legal conclusions regarding venue, not statements of fact requiring responses.  To the extent that a response is deemed required, Defendant does not contest venue in the District of Columbia.

## FACTS

6.      Admitted.

7.      Defendant denies that plaintiff "came highly recommended" to it, admits that she worked in the private sector prior to being employed by it, and denies the characterization of Plaintiff's work in the private sector as "stellar."

8.      Counsel for the Defendant is without knowledge or information sufficient to admit or deny (1) whether or not Plaintiff "excelled" at her prior positions in the private sector or (2)

whether or not her prior positions were "high-pressured and high-profiled."  To the extent that a further response is deemed required, Defendant denies the allegations of this paragraph.

9.      Defendant denies that Plaintiff was "highly qualified" for her position with defendant, and avers that Plaintiff was minimally qualified and that her position was in internal controls and that Plaintiff admitted she had no prior experience in internal controls.

10.     Defendant admits that Plaintiff was hired off of Schedule A.

11-12. Defendant admits that the purpose of the Schedule A hiring authority in general is described in 5 C.F.R. section 213.3101; admits that there are different purposes and authorities under Schedule A; and admits that the purpose and procedure for the "[a]ppointment of persons with mental retardation, severe physical disabilities, or psychiatric disabilities" is described at 5 C.F.R. section 213.3102(u); and Defendant denies any different or contrary characterization of the purposes and procedures for hiring under Schedule A.

13.     Admitted.

14.     Defendant admits that Plaintiff was, according to her doctor, diagnosed with IBS in 2005. Defendant admits that Plaintiff was diagnosed with scoliosis, but Defendant is without knowledge or information sufficient to admit or deny the date of the diagnosis.

15.     Defendant admits that her doctor stated that Plaintiff's conditions have existed for a period of time, and that Defendant has granted Plaintiff workplace accommodations.  Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff's conditions are "ongoing."  To the extent that a further response is deemed required, Defendant denies this allegation.

16.     Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph.  To the extent that a response is deemed required, Defendant denies the allegations of this paragraph.

17.     Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff must undergo bi-weekly acupuncture.  To the extent that a response is deemed required, Defendant denies this allegation.  Defendant admits that it granted Plaintiff the use of a "sit-stand" desk as a reasonable accommodation.

18.     Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph.  To the extent that a response is deemed required, Defendant denies the allegations of this paragraph.

19.     Defendant admits that Deanna Neal was plaintiff's first-level supervisor from July 30, 2012, until Plaintiff's removal from federal service.

20.     Defendant admits that Ms. Neal became aware, on or around March 7, 2013, that Plaintiff had been diagnosed by her physician with IBS.  Defendant admits that Ms. Neal became aware, on or around September 13, 2012, that Plaintiff had been diagnosed by her physician with scoliosis.

21.     Defendant admits that Plaintiff was the only employee supervised by Ms. Neal who had been hired off of Schedule A, and also admits that Plaintiff was not the only employee with disabilities supervised by Ms. Neal.

22.     Admitted.

23.     Admitted.

24.     Defendant admits that, sometime in the Fall of 2012, Mr. Gramp heard that Defendant was providing a desk for Plaintiff and that Plaintiff had issues with her back without hearing

4

about any specific condition of Plaintiff.  Defendant admits that on or around February 27, 2013, Mr. Gramp learned in a meeting with Plaintiff that Plaintiff had unspecified medical conditions. Defendant admits that on or around March 8, 2013, learned in a meeting with Plaintiff that Plaintiff had been diagnosed by her physician with IBS.

25.    Admitted.

26.    Denied.

27.    Admitted.

28.    Denied.  Defendant avers that Plaintiff was granted the immediate use of a "sit-stand" desk which Defendant already had at the worksite; admits that it ordered a different sized "sit-stand" desk at the request of Plaintiff; admits that Plaintiff had use of a "sit-stand" desk while the new one was on order; and admits that Defendant offered Plaintiff, on an "as needed" basis," the use of a treadmill desk which Defendant already had on site, and that Plaintiff declined the offer to use the treadmill.

29.    Defendant admits that, between July 2012 and February 2013, plaintiff received some emails, from inside Defendant, complimenting Plaintiff's work and avers that Plaintiff's supervisor also received emails pointing out errors in Plaintiff's work product.

30.    Defendant admits that in or around October 2012, Ms. Neal assigned to Plaintiff the task of performing some of the administrative work performed by co-worker Susie Dossie, who was on maternity leave.  Defendant avers that most of, and all of the substantive portion of, Ms. Dossie's work was assigned to a contractor.  Defendant denies that assigning Plaintiff administrative work performed by Ms. Dossie "evidenced trust in Plaintiff's abilities."

31.    Admitted.

32.     Defendant admits that Ms. Dossie acknowledged that Plaintiff helped with her work while she was on maternity leave.

33.     Admitted.

34.     Admitted.

35.     Denied.

36.     Defendant admits that, in January 2013, Plaintiff came into a meeting and volunteered, to Ms.  Neal and Ms. Dossie without being asked any questions about her health, that she had chronic fatigue syndrome and that, after Plaintiff volunteered this information, Ms. Neal and Ms. Dossie asked Plaintiff what that condition was.   Defendant further avers that on a separate occasion, volunteered to Ms. Dossie that she had Post Traumatic Stress Disorder.   Defendant further avers that on a separate occasion, Plaintiff volunteered that her physician had told her that she had an unidentified disease that she could die from.

37.     Defendant denies that Plaintiff was required by Ms. Neal to answer questions about her health, and avers that Plaintiff volunteered information about her health unsolicited.  Defendant denies any decline in Plaintiff's treatment throughout the workplace.

38.     Denied.

39.     Defendant admits that, because Plaintiff was not producing work product and Ms. Neal needed to determine what Plaintiff was doing, Ms. Neal required Plaintiff to account for her time each day in 30 minute increments; Defendant avers that Plaintiff was not required to provide such an update every thirty minutes, and that she was required to provide the update once a day at the end of each day.

40.     Defendant admits requiring Plaintiff to provide an accounting of her time each day, but denies the accounting was required to be in increments of 0.2 hours.

41.     Defendant is without knowledge or information sufficient to admit or deny what Plaintiff claims to have overheard.  To the extent that a response is deemed required, Defendant denies the allegations of this paragraph.

42.     Denied.

43.     Denied.

44.     Defendant admits that Ms. Neal kept track of when Plaintiff was logged into Defendant's internal "GChat" application in order to assist in monitoring her hours of leave because Plaintiff did not always follow leave requesting procedures. Defendant denies any remaining allegations of this paragraph.

45.     Denied.

46.     Denied.

47.     Defendant admits Ms. Neal issued a Warning Letter to Plaintiff which speaks for itself. Defendant denies Plaintiff's characterization of the Letter and any characterizations contrary to the text of the letter.

48.     Defendant denies Plaintiff's characterization of the Warning Letter and avers that the letter speaks for itself.

49.     Defendant denies Plaintiff's characterization of the Warning Letter and avers that the letter speaks for itself.

50.     Denied.

51.     Defendant denies requiring Plaintiff to accomplish any project which would be impossible to complete if Plaintiff lacked information from third parties.

52.     Denied.

53.     Denied.

54.     Defendant denies excluding Plaintiff from any "team meetings," and avers that Ms. Neal excluded Plaintiff from meetings with GSA's Office of Inspector General ("OIG") after Plaintiff, in one such meeting, falsely stated to the OIG auditors at the meeting that internal controls just accepted without testing whatever information they received from outside sources.

55.     Denied.

56.     Defendant denies Plaintiff made "repeated requests" for a performance evaluation. Defendant admits that Plaintiff did not receive a formal performance evaluation.  Defendant avers that employees must be employed by GSA for at least 120 days before receiving a performance evaluation and the first such evaluations were due prior to the time that Plaintiff had been employed for 120 days, and further avers that Plaintiff had been removed from federal service prior to the time the next performance evaluations would have occurred.

57.     Defendant denies Plaintiff made "repeated requests" for a mid-year review.  Defendant admits that Plaintiff did not receive a mid-year review because she was removed from federal service prior to the time such a mid-year review would have been performed.

58.     Defendant admits that Plaintiff never received a formal annual performance review because the first such review was due before Plaintiff had worked for Defendant for 120 days, and Plaintiff was removed from federal service before the second such review would have been due.  Defendant denies Plaintiff made "repeated requests" for a performance review.  Defendant avers that Ms. Neal gave Plaintiff feedback on her performance and communicated to Plaintiff what was expected of her, and how she failed to meet those expectations.

59.     Defendant admits that Plaintiff did not receive a performance plan and denies that Plaintiff made "repeated requests" for one.   Defendant avers that Ms. Neal gave Plaintiff

feedback on her performance and communicated to Plaintiff what was expected of her, and how she failed to meet those expectations.

60.     Defendant admits that Plaintiff herself wrote the letter and the language referred to in this paragraph, transmitted it to her physician saying that she needed a letter with the language Plaintiff wrote, and that her physician signed what Plaintiff wrote without having any independent knowledge that "undue stress at work aggravated Plaintiff's disabilities."

61.     Defendant admits that Plaintiff's physician described Plaintiff's condition in the manner alleged in this paragraph.

62.      Defendant admits that Plaintiff herself wrote the language quoted in this paragraph, transmitted it to her physician saying that she needed a letter with the language Plaintiff wrote, and that her physician signed what Plaintiff wrote without having any knowledge of what "normal working conditions" are and without having any knowledge of what Plaintiff's "current role" was, and without having any knowledge whether Plaintiff ever "thrived . . . earlier in her current role."

63.     Admitted.

64.     Denied.

65.     Denied.

66.     Denied.

67-70   Defendant is without knowledge or information sufficient to admit or deny the allegations about her condition in these paragraphs.  To the extent that a response is deemed required, Defendant denies the allegations of these paragraphs.

71.     Admit that Plaintiff required leave without pay.

72.     Admitted.

73.     Defendant denies that Plaintiff was denied leave without pay.  Defendant admits that Plaintiff's request was not approved or denied, and avers it would have been denied because Plaintiff was going to be removed from federal service.

74.     Admitted.

75.     Defendant denies that an EEO counselor contacted Ms. Neal.  Defendant admits that an EEO counselor contacted Mr. Gramp on May 8, 2013, asking him his availability for mediation.

76.     Defendant admits that Ms. Neal became aware of Plaintiff's EEO complaint on April 18, 2013.

77.     Admitted, except Defendant avers that Ms. Neal wrote the letter with input from GSA's Office of the Chief People Officer ("HR") and the Office of General Counsel.

78.     Defendant admits that the April 19, 2013, Notice of Removal speaks for itself and denies any contrary characterization thereof.

## COUNT I
## DISCRIMINATION BASED ON DISABILITY

79.     Defendant adopts and incorporates by reference its responses to the previously asserted allegations.

80.     Admitted.

81.     Denied.

82.     Admitted.

83-91. Denied.

## COUNT I
## RETALIATION

92.     Defendant adopts and incorporates by reference its responses to the previously asserted allegations.

93.     Admitted.

94.     Admitted.

95.     Defendant admits that Ms. Neal and Mr. Gramp became aware of Plaintiff's EEO complaint on April 18, 2013.

96-104.  Denied

## PRAYER FOR RELIEF

This section of Plaintiff's Complaint constitutes Plaintiff's prayer for relief and as such requires no response.   To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.   Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that any relief may be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover costs in this action, and for such other relief as may be appropriate.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division


_____    /s/
RHONDA L. CAMBELL Bar # 462402
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2559

11

OF COUNSEL:
F. Allen Phaup II
Assistant General Counsel
U.S. General Services Administration