UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**RACHEL A. RICHTER,**                      )
                                            )
    **Plaintiff,**                         )
                                            )
    v.                                    )    Civil Action No. 14-298 (EGS)
                                            )
**DANIEL M. TANGHERLINI, Administrator,**   )
**U.S. General Services Administration**    )
                                            )
    **Defendant.**                         )
_____)

## PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the parties hereby respectfully submit their Joint Report and Meet and Confer Statement in advance of the Court's Initial Scheduling Conference in this case currently set for June 10, 2014. This Joint Report is based upon exchanges of e-mail on May 16, 2014 through May 27, 2014 between Assistant United States Attorney Rhonda L. Campbell, on behalf of Defendant, and Morris E. Fischer, Esq., counsel for Plaintiff.

## CASE SUMMARY

Plaintiff's causes of action are for disability discrimination and retaliation. On July 2, 2012, Plaintiff began employment as a Financial Management Analyst, GS-12, with Defendant. Plaintiff excelled at her prior positions in the private sector, which were high-pressured and high-profiled. Plaintiff was hired off of Schedule A as a non-competitive hire with documented disabilities. Both Plaintiff's first and second line supervisors were aware of her disabilities.

Between July, 2012 and February, 2013, management visibly showed appreciation and commendation for Plaintiff's work.

In January, 2013, Plaintiff was interviewed her health conditions by management. Following that interview, Ms. Neal required Plaintiff to provide status update e-mails every half-hour both while teleworking and at the office and she required Plaintiff to account for her time down to .2 hours per activity. She further pressured Plaintiff not to take leave and closely watched when Plaintiff would log on to GSA systems, accusing Plaintiff of malingering.

Defendant denied Plaintiff's reasonable accommodation and she was advised by Octavia Richardson in HR of the defendant that Plaintiff should not be requesting a reasonable accommodation. On April 1, 2013, Plaintiff filed an informal EEO complaint against Neal and Gramp alleging discrimination based on disability. The EEO counselor contacted Neal and Gramp regarding Plaintiff's EEO complaint. Neal was aware of Plaintiff's EEO complaint. On April 19, 2013, Defendant mailed Plaintiff a Notice of Removal from federal service, written and signed by Neal, contending that Ms. Richter failed to demonstrate a proficiency of skill level for continued employment in this position.

Defendant denies all of the allegations raised herein, and maintains that the actions taken by the agency and its officials with respect to Plaintiff were reasonable, justified, and not in violation of the law.

## DISCOVERY PLAN AND PROPOSED SCHEDULE

**(1) Dispositive Motions**

The parties propose that the Court establish a schedule for the filing of dispositive motions after the close of discovery. In the alternative, if the Court prefers to establish a schedule immediately, the parties propose the schedule set forth in subparagraph (6) below.

**(2) Joinder/Amendment of Pleadings**

Plaintiff should be able to amend the complaint as needed in a manner that doesn't prejudice the Defendant.

Defendant objects to any amendment of the Complaint.

**(3) Assignment to a Magistrate Judge**

Plaintiff consents to a referral of this case to a magistrate judge for trial purposes.

Defendant objects to a referral of this case to a magistrate judge for trial purposes.

**(4) Possibility of Settlement/Mediation**

The parties are amenable to settlement discussions.

**(5) Alternative Dispute Resolution/Mediation**

See Paragraph No. 4 herein.

**(6) Motions for Summary Judgment**

Should the Court wish to schedule the deadlines for summary judgment motions now, the parties proposes that motions for summary judgment, if any, should be filed sixty (60) days after

the close of discovery, with oppositions, cross-motions and replies due forty-five (45) days thereafter and replies twenty-one (21) days after oppositions have been filed.

**(7) Prior Discovery**

Resulting from the administrative proceedings in this matter, GSA has turned over the Report of Investigation to the Plaintiff, which includes some documents, and witness affidavits or declarations. There has been no discovery during the administrative process. **Plaintiff elected not have the case heard by an Administrative Law Judge.**

**(8) Initial Disclosures**

The parties agree to exchange initial disclosures 30 days after the conclusion of unsuccessful mediation.

**(9) Extent of Discovery**

The parties propose that discovery be postponed until after initial settlement discussions are completed. If settlement discussions are not successful, fact discovery should be completed within six (6) months after the parties exchange initial disclosures.

The parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Specifically, the parties believe that twenty-five (25) interrogatories and seven (7) depositions per party should be sufficient. The parties anticipate they will agree to submit a stipulated Privacy Act Protection Order regarding confidential or privacy protected information.

**(10) Expert Witness Reports**

The Plaintiff would agree to the following scheduling regarding Expert Witness Reports: Plaintiff's Rule 26(a)(2) expert disclosures should be made on or before sixty (60) days before the end of discovery; Defendant's Rule 26(a)(2) expert disclosures should be made on or before thirty

(30) days before the end of discovery; and Plaintiff's Rebuttal Rule 26(a)(2) expert disclosures, if any, should be made on or before twenty (20) days before the end of discovery.

**(11) Bifurcated Trial/Discovery**

The parties agree that neither discovery in this case nor trial should be bifurcated.

**(12) Pretrial Conference Date**

The parties agree that the Pretrial Conference for this proceeding should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion(s).

**(13) Trial Date**

      The parties agree that the Court should schedule a trial date at the Pretrial Conference.

Respectfully submitted,

| | |
|---|---|
| /s/<br>MORRIS E. FISCHER, ESQ.<br>D.C. Bar No. 490369<br>1400 Spring Street<br>Suite 350<br>Silver Spring, MD 20910<br>(301) 328-7631 phone<br>(301) 328-7638 fax<br>morris@mfischerlaw.com<br>www.morrisfischerlaw.com<br><br>*Attorneys for Plaintiff* | RONALD C. MACHEN JR.<br>D.C. Bar No. 447889<br>United States Attorney<br><br>/s/<br>DANIEL F. VAN HORN, D.C. Bar No. 924092<br>Chief, Civil Division<br><br>/s/<br>RHONDA L. CAMPBELL,<br>D.C. Bar No. 462402<br>Assistant United States Attorney<br>Civil Division<br>555 4th Street, NW, Room E4412<br>Washington, DC 20530<br>(202) 252-2559<br>Rhonda.campbell@usdoj.gov<br><br>*Attorneys for Defendants* |